IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JEFFREY FORTER, et al.,

    Plaintiffs,

v.                                    No. CIV-04-1410 MCA/KBM

JOE WILLIAMS, et al.,

    Defendants.

MEMORANDUM OPINION AND ORDER

       This matter is before the Court on Plaintiff Forter's response to the order entered February 3, 2005. Also under consideration are his motion to sever and to dismiss certain claims (Doc. 8) filed March 22, 2005, and motion for class certification (Doc. 2) filed December 20, 2004. Furthermore, Plaintiff's civil rights complaint is before the Court for review *sua sponte* under 28 U.S.C. § 1915A and Fed. R. Civ. P. 12(b)(6).

       The February 3 order required Plaintiffs to show cause why the complaint should not be dismissed for failure to exhaust administrative remedies. In Plaintiff Forter's response, he alleges he has filed grievances on each of his claims, but prison officials have confiscated his copies of grievance forms. The order to show cause will be quashed at this time without prejudice to further consideration of the exhaustion issue.

       As grounds for his motion to sever, Plaintiff alleges that not all of his co-Plaintiffs have exhausted administrative remedies and he is no longer housed at the penitentiary. More significantly, no complaint has been submitted containing the signatures of the other Plaintiffs, as required by the February 3 order. The Court will dismiss the claims of all Plaintiffs except Forter, and will deny as

moot the motion to sever and the motion for class certification. Furthermore, at this stage of the litigation, Plaintiff may dismiss claims without leave of the Court. His motion to dismiss claims 2-4, 6-10, and 16, is construed as a motion to amend under Fed. R. Civ. P. 15(a); *see Smith, Kline and French Lab. v. A. H. Robins Co.*, 61 F.R.D. 24, 31 (E.D. Pa. 1973), and will be granted.

As to Plaintiff's remaining claims (1, 5, 11-15, and 17), the Court "shall . . . dismiss" a prisoner's complaint *sua sponte* if the "prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and "the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted." § 1915A. The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

Plaintiff's Claims 1, 5, 11-15, and 17 assert a number of allegedly unconstitutional conditions of confinement. On review of the Court's dockets, it appears that certain of these claims duplicate those brought by Plaintiff in a prior complaint. *See Forter v. Bustos, et al.*, No. CIV 04-0791 BB/RHS. Most of Plaintiff's claims in the earlier action were dismissed on preliminary review. *Forter*, No. CIV 04-0791 (Sept. 14, 2004, mem. op. and order dismissing claims). Specifically, the Court dismissed Plaintiff's claims of improper classification, free exercise of religion, denial of showers and intercoms, improper grievance procedures, and interception of mail. In the instant

complaint, certain of these allegations are reasserted as Claims 11, 12, 13, 15, and 17. Under the related doctrines of law of the case, *McIlravy v. Kerr-McGee Coal Corp.*, 204 F.3d 1031, 1034-35 (10th Cir. 2000), and res judicata, *see Overton v. United States*, No. 01-6357, 2002 WL 31230837, at \*\*5 (10th Cir. Oct. 4, 2002), Plaintiff's Claims 11-13, 15, and 17 are precluded and will be dismissed.

In Claim 5, Plaintiff makes a number of allegations about the quality and sanitary conditions of food service at the Penitentiary. This claim will be dismissed for either of two reasons. First, an Eighth Amendment claim is not supported by allegations of "being forced to eat unpalatable and unwholesome food." *Martinez v. Villano*, No. 00-1070, 2000 WL 1234841, at \*\*1 (10th Cir. Aug. 31, 2000). And second, Plaintiff does not allege that he suffered an injury from the alleged conditions. *See Lewis v. Casey*, 518 U.S. 343, 351 (1996) (plaintiff must "establish relevant actual injury"); *see also Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000) (ruling that pro se plaintiff may not assert other parties' claims). This claim will be dismissed.

Plaintiff alleges that mandatory labor at the Penitentiary amounts to slavery. To the contrary, "[b]y its express language, the Thirteenth Amendment's prohibition of slavery does not apply to the imprisonment of a person lawfully convicted of a crime." *Davis v. Hudson*, No. 00-6115, 2000 WL 1089510, at \*\*3 (10th Cir. Aug. 4, 2000). The Court will dismiss Claim 14 of the complaint.

Last, Plaintiff's Claim 1 is nearly identical to the prior complaint's Claim 2--the only remaining claim in Plaintiff's other action still pending before this Court. *See Green v. Nottingham*, 90 F.3d 415, 418 (10th Cir. 1996) ("The court may take judicial notice of the prior litigation."). Claim 1 in the instant complaint thus constitutes duplicative, parallel litigation and will be dismissed. *See Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir.1993), *quoted in Hartsel Springs Ranch of*

3

*Colo., Inc. v. Bluegreen Corp.*, 296 F.3d 982, 984 (10th Cir. 2002).  Plaintiff's complaint will be dismissed.

      IT IS THEREFORE ORDERED that Plaintiff's motion to dismiss claims 2-4, 6-10, and 16 (Doc. 8), filed March 22, 2005, construed herein as a motion to amend under Fed. R. Civ. P. 15(a), is GRANTED;

      IT IS FURTHER ORDERED that Plaintiff's complaint is DISMISSED with prejudice, all other pending motions are DENIED as moot, and judgment will be entered.

                                                                                    UNITED STATES DISTRICT JUDGE